Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

United States Courts
Southern District of Texas
**FILED**

AUG 0 4 2025

Nathan Ochsner, Clerk of Court

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

Houston Division

Carlton Paido JR
_____
Plaintiff(s)
(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)

-v-

Alan Brereton; Labette County
District Attorney; Bryan Police
Department and 361st Judicial district
Court of Brazos   Defendant(s)   County
(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names.)

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. _____
(to be filled in by the Clerk's Office)

Jury Trial: (check one)   [✓] Yes   [ ] No

## COMPLAINT FOR A CIVIL CASE

I. **The Parties to This Complaint**

   A. **The Plaintiff(s)**

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   Name: Carlton Paido JR
   Street Address: 1512 Congo St
   City and County: Bryan, Brazos
   State and Zip Code: TX, 77803
   Telephone Number: 580-798-6497
   E-mail Address: zeekpaido44@gmail.com

   B. **The Defendant(s)**

   Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known). Attach additional pages if needed.

Page 1 of 5

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

**Defendant No. 1**

- Name: Alan Brereton
- Job or Title (if known): District Attorney
- Street Address: 201 South Central Avenue
- City and County: Parsons, Labette
- State and Zip Code: KS 67357
- Telephone Number:
- E-mail Address (if known):

**Defendant No. 2**

- Name: Labette County District Attorney
- Job or Title (if known):
- Street Address: 201 South Central Avenue
- City and County: Parsons, Labette
- State and Zip Code: KS 67357
- Telephone Number: 620-421-3633
- E-mail Address (if known):

**Defendant No. 3**

- Name: Bryan Police Department
- Job or Title (if known):
- Street Address: 301 South Texas Avenue
- City and County: Bryan, Brazos
- State and Zip Code: TX 77803
- Telephone Number: 979-209-5300
- E-mail Address (if known):

**Defendant No. 4**

- Name: 361st Judicial District Court of Brazos County
- Job or Title (if known):
- Street Address: 300 E 26th St Suite 420
- City and County: Bryan, Brazos
- State and Zip Code: TX 77803
- Telephone Number: 979-361-4380
- E-mail Address (if known):

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

[✓] Federal question      [ ] Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.  28 U.S.C. § 1331

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

   a. If the plaintiff is an individual
      The plaintiff, *(name)* _____, is a citizen of the State of *(name)* _____.

   b. If the plaintiff is a corporation
      The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____,
      and has its principal place of business in the State of *(name)* _____.

   *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

   a. If the defendant is an individual
      The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. Or is a citizen of *(foreign nation)*

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

      b.    If the defendant is a corporation

The defendant, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

Or is incorporated under the laws of *(foreign nation)* _____, and has its principal place of business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

## III.  Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

## IV.  Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 6/4/2025

Signature of Plaintiff: Carlton Pablo II
Printed Name of Plaintiff: Carlton Pablo II

### B. For Attorneys

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Street Address
State and Zip Code
Telephone Number
E-mail Address



Walkin Orders <walkin@bcsprint.com>

## IN THE UNITED STATES DISTRICT COURT OF THE SOUTHERN DISTRICT OF…
1 message

**Zeek Paldo** <bigdawgpaldo@icloud.com>   Mon, Jun 30, 2025 at 1:32 PM
To: walkin@bcsprint.com

IN THE UNITED STATES DISTRICT COURT OF THE SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION

Plaintiff Carlton Paldo Jr.,
VS.
Alan Brereton, Labette County District Attorney; Bryan Police Department and 361st Judicial District Court of Brazos County; Defendants.

Complaint for Constitutional Violations 1. Introduction.

This lawsuit addresses violations of Plaintiff's Fourth Amendment rights and malicious prosecution stemming from his unlawful arrest, delayed extradition, and extended detention beyond lawful limits.

2. Venue and Jurisdiction This Court has jurisdiction under 28 U.S.C. § 1331, as the claims arise under the Fourth Amendment to the U.S. Constitution and related federal laws. Venue is proper in the Southern District of Texas because substantial events occurred within this jurisdiction, including Plaintiff's unlawful detention and the actions of the Bryan Police Department and the 361st Judicial District Court in Brazos County
"Additionally, Defendant Alan Brereton, through his pursuit of baseless charges and refusal to acknowledge evidence disproving the allegations, further contributed to the violations of Plaintiff's constitutional rights, with the impacts and harm occurring within this jurisdiction". which are within the geographic boundaries of this District".

3. Parties. Plaintiff: Carlton Paldo Jr., a resident of Bryan Texas. - Defendants: 1. Alan Brereton, Labette County District Attorney: As DA, Brereton pursued baseless charges against Plaintiff, including aggravated kidnapping, aggravated domestic battery, and criminal possession of a weapon, despite evidence refuting the claims. Brereton was informed by the alleged victim, Ms. Hayley Wolken, that she had not filed these charges and that she requested their dismissal. Despite receiving direct communication and evidence, Brereton chose to continue prosecution, compounding emotional distress and reputational harm for Plaintiff.

2. Bryan Police Department: The department violated Plaintiff's constitutional rights by holding him beyond the legally permitted 30-day extradition period after he signed the waiver of extradition. Despite Plaintiff having fulfilled his part, Kansas authorities failed to retrieve him within the required time frame, which should have resulted in his release. The department's failure to act kept Plaintiff unlawfully detained for an additional three days.

3. 361st Judicial District Court of Brazos County: The court misrepresented the lawful detention period by falsely claiming a 60-day hold applied to Plaintiff, contradicting standard extradition rules that permit only 30 days. Magistrate, jail staff and a lieutenant at Brazos County Jail both confirmed that Plaintiff should have been released after 30 days when Kansas officials failed to arrive on time. The judge's assertion of a 60-day hold led to Plaintiff's continued detention, exceeding legal limits and depriving him of his liberty without due process
4. Statement of Facts: Plaintiff, Carlton Paldo Jr., was arrested on April 7, 2024, in Bryan, Texas, based on charges filed by Labette County, Kansas. Plaintiff initially refused to sign the waiver of extradition out of fear of malicious prosecution but ultimately signed the waiver on April 19, 2024. Kansas officials were required by law to transport Plaintiff within 30 days of signing the waiver, but they failed to do so, arriving only on May 22, 2024—three days past the legal window....

Statement of Facts: Plaintiff remained detained in Brazos County Jail for a total of 46 days. During this time, jail staff and a lieutenant informed Plaintiff that he should have been released if Kansas officials did not arrive within the 30-day extradition window. Despite this, Plaintiff was kept in custody due to the 361st Judicial District Court's false claim that a 60-day hold applied, creating confusion and prolonging Plaintiff's detention unlawfully. While detained, Plaintiff endured significant emotional distress, fearing malicious prosecution and the possibility of a life sentence. These fears were exacerbated by reputational harm, as Plaintiff's face and the charges were publicized in the news, causing severe damage to Plaintiff's standing in the community and leading to the loss of his job and other personal opportunities. Plaintiff eventually learned from Ms. Hayley Wolken, the alleged victim, that she had not filed the charges against him and had personally asked the District Attorney to drop them. Despite this, the charges were pursued, and evidence sent to the District Attorney and the judge was ignored, further violating Plaintiff's rights to due process and fair legal proceedings. Kansas officials eventually transported Plaintiff on May 22,

Kansas officials eventually transported Plaintiff on May 22, 2024, from Bryan, Texas, to Kansas, with an overnight layover in Louisiana. Plaintiff was kept shackled throughout the journey and had to wear his street clothes, which added to the humiliation and emotional distress caused by the situation. Once in Kansas, Plaintiff's case was dismissed at the preliminary hearing due to insufficient evidence. The arresting officer and Ms. Hayley Wolken were absent, and their absence, along with the lack of substantial evidence against Plaintiff, led to the charges being dropped. Despite the dismissal, Plaintiff's public reputation had already been irreparably damaged, and he had suffered significant emotional and financial harm. The actions and failures of the Defendants, including the pursuit of baseless charges, prolonged detention beyond lawful limits, and disregard for evidence disproving the claims, constitute clear violations of Plaintiff's Fourth Amendment rights, as well as malicious prosecution!

5. Claims for Relief Count 1: Violation of Fourth Amendment Rights - The actions of the Defendants resulted in an unlawful seizure of Plaintiff's person, violating the Fourth Amendment to the United States Constitution. - Plaintiff's extended detention, despite the legal requirement for release after the 30-day extradition period had elapsed, constitutes an unreasonable seizure. - Defendant 361st Judicial District Court falsely asserted a 60-day hold, prolonging Plaintiff's detention unlawfully. - Defendant Bryan Police Department failed to release Plaintiff as required by law when Kansas officials missed the legal deadline for extradition. Count 2: Malicious Prosecution - Defendant Alan Brereton, the District Attorney, pursued baseless charges against Plaintiff despite evidence that no crime had been committed. - Ms. Hayley Wolken, the alleged victim, informed Brereton that she had not filed the charges and requested their dismissal. Brereton ignored this request, continuing to pursue the case maliciously. - Plaintiff's arrest and prosecution caused significant emotional distress, public humiliation, loss of employment, and financial harm.

Count 3: Due Process Violations - The actions of Defendant 361st Judicial District Court deprived Plaintiff of his right to due process by misrepresenting the lawful detention period and falsely asserting a 60-day hold, which extended Plaintiff's incarceration beyond the legally permitted period. - Defendant Alan Brereton ignored evidence and direct communication from Plaintiff and Ms. Hayley Wolken, violating Plaintiff's right to fair and impartial legal proceedings. Count 4: Emotional Distress - Plaintiff experienced significant emotional distress as a result of Defendants' actions, including the fear of malicious prosecution, the possibility of a life sentence, and enduring public humiliation. - The publication of Plaintiff's face and charges in the news caused irreparable harm to his reputation, further exacerbating his distress. Count 5: Financial Loss - Plaintiff's unlawful detention resulted in the loss of employment, financial opportunities, and personal resources, which were essential for his livelihood. - The baseless charges and prolonged legal proceedings created economic hardships that continue to affect Plaintiff to this day.
6. Requested Relief: Plaintiff respectfully requests that this Court grant the following relief: a. Compensatory Damages: Award Plaintiff $25,000,000 for the physical, emotional, financial, and reputational harm caused by Defendants' actions, including unlawful detention, malicious prosecution, and public humiliation. b. Declaratory Judgment: Issue a declaration that Defendants violated Plaintiff's Fourth Amendment rights, due process rights, and other constitutional protections. c. Injunctive Relief: Require Defendants to implement policies and practices ensuring compliance with lawful extradition procedures and respect for constitutional rights to prevent future violations. d. Legal Fees: Order Defendants to reimburse Plaintiff for all attorney's fees, court costs, and other expenses incurred during the pursuit of this lawsuit. e. Additional Relief: Grant any other relief the Court finds just and proper in light of the violations and damages suffered by Plaintiff.

7. Jury Demand: Plaintiff demands a trial by jury on all issues so triable to ensure a fair and impartial determination of the claims. 8. Conclusion Plaintiff, Carlton Paldo Jr., respectfully submits this complaint to the United States District Court for the Southern District of Texas, seeking justice, accountability, and relief for the numerous violations of constitutional rights, malicious prosecution, and emotional and financial harm caused by Defendants. Plaintiff entrusts this Court to uphold the principles of fairness and legality in addressing the grievances outlined herein. Respectfully Submitted, Carlton Paldo Jr.

Sent from my iPhone

JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

**DEFENDANTS** 361st Court in Bryan,TX, Bryan Police Department

**(b)** County of Residence of First Listed Plaintiff: Carlton Pablo Jr
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Alan Brereton, DA,
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [X] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [X] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*  Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**TORTS — PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [X] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS — Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

**V. ORIGIN** *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Brief description of cause: Violation of 42 U.S.C. 1983 Malicious Prosecution deprivation of 4th Amendment

**VII. REQUESTED IN COMPLAINT:**
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
- DEMAND $ 25,000,000
- CHECK YES only if demanded in complaint: JURY DEMAND: [X] Yes [ ] No

**VIII. RELATED CASE(S) IF ANY** *(See instructions):*  JUDGE _____  DOCKET NUMBER _____

DATE _____  SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____