Case 4:25-cv-03596   Document 18   Filed on 10/03/25 in TXSD   Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
October 05, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CARLTON PALDO, JR., | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. H-25-3596 |
| ALAN BRERENTON, *et. al.*, | § § § | |
| Defendants. | § | |

## ORDER

Pending before the Court are Motion to Dismiss of Defendant, Bryan Police Department (Document No. 11); Brazos County Sheriff's Office 12(b)(6) Motion to Dismiss Plaintiff's Amended Complaint (Document No. 13); and Defendant Alan Brereton, Incorrectly Sued as "Labette County District Attorney," and Labette County Attorney's Office's Rule 12(b)(2) or, in the Alternative, Rule 12(b)(6) Motions to Dismiss Plaintiff's Amended Complaint (Document No. 15). Having considered the Defendants' motions, submissions, and applicable law, the Court determines that each motion should be granted.

## I. BACKGROUND

This is a matter involving alleged violations of the United States Constitution. On April 7, 2024, Plaintiff Carlton Paldo, Jr. was arrested in Bryan, Texas, pursuant to charges filed against him in Labette County, Kansas, for aggravated kidnapping, aggravated domestic battery, and criminal possession of a weapon. On April 19,

2024, Plaintiff signed a waiver of extradition. On May 22, 2024, Plaintiff was extradited to Labette County, Kansas. Plaintiff alleges that Defendants caused him financial and emotional harm by failing to release him within 30 days in accordance with "standard extradition rules."[1] A review of the record in this matter reveals that all of the charges against Plaintiff were ultimately dismissed by the Labette County District Attorney's Office.

Based on the foregoing, on August 4, 2025, Plaintiff filed suit in this Court pursuant to federal question jurisdiction asserting claims for: (1) violations of the Fourth Amendment, (2) malicious prosecution, (3) due process violations, (4) emotional distress, and (5) financial loss.[2] On August 7, 2025, Plaintiff amended his complaint asserting the same claims against the Brazos County Sheriff's Department ("BCSD"). On August 25, 2025, Defendant Bryan Police Department ("BPD") filed a motion to dismiss for failure to state a claim upon which relief can be granted and for lack of subject matter jurisdiction. On August 29, 2025, Defendant BCSD filed a motion to dismiss for failure to state a claim upon which relief can be granted. On September 10, 2025, Defendant Deputy County Attorney Alan Brerenton ("Brerenton") filed a motion to dismiss for failure to state a claim upon which relief

---

[1] *Amended Complaint*, Document No. 5 at 8.

[2] [Insert FN for Initial Complaint]

can be granted and for lack of personal jurisdiction.[3] Plaintiff has not responded to any of Defendants' motions to dismiss either by the date required under the Federal Rules of Civil Procedure or by the date of this Order.

## II. STANDARD OF REVIEW

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than . . . 'labels and conclusions.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555).

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breeches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive the motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

---

[3] The Court notes that Alan Brereton is a Deputy County Attorney of the Labette County Attorney's Office, not the District Attorney of Labette County.

"Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 558).

### III. LAW & ANALYSIS

Brerenton, BPD, BCSD, and the Labette County District Attorney all move to dismiss Plaintiff's claims, contending that Plaintiff fails to state a claim upon which relief can be granted. Plaintiff did not respond to any of the pending motions to dismiss, failing to rebut or offer evidence to counter Defendants' contentions. Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition. S.D. Tex. Local R. 7.4. Regardless of Plaintiff's failure to respond to any of the pending motions to dismiss, the Court will consider, in turn, the merits of Plaintiff's claims against each Defendant. The Court construes all *pro se* filings liberally. *See Erickson v. Paradus*, 551 U.S. 89, 94 (2007).

*1. Defendants Alan Brerenton and Labette County District Attorney*[4]

Plaintiff alleges that Brereton "pursued baseless charges against Plaintiff[.]"

---

[4] The Court notes that Plaintiff brings claims against the Labette County District Attorney and incorrectly against Alan Brereton as the Labette County District Attorney. Nonetheless, the Court will consider the merit of Plaintiff's claims against Alan Brereton as a Deputy County of the Labette County Attorney's Office. Considering Plaintiff's error, it is unclear whether Plaintiff intended to sue the District Attorney or the District Attorney's Office. The Court will consider, in turn, both possibilities.

4

Plaintiff further contends that the alleged baseless charges give rise to claims for: (1) violations of Fourth Amendment rights, (2) malicious prosecution, (3) due process violations, (4) emotional distress, and (5) financial loss. In response, Brereton contends that Plaintiff's claims must be dismissed because the Court lacks personal jurisdiction. Brereton further contends that he is entitled to prosecutorial immunity, and thus, Plaintiff's claims should be dismissed because Plaintiff fails to state a claim upon which relief can be granted. Plaintiff offers no rebuttal.

"Absolute immunity" applies to prosecutor's actions related to an "integral part of the judicial process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). This immunity applies for claims in "connection with the preparation and filing" of charging documents. *Kalina v. Fletcher*, 522 U.S. 118, 118 (1997). Whether or not charges are filed is a decision protected by this immunity. *See Oliver v. Collins*, 904 F.2d 278, 281 (5th Cir. 1990) (citing *Williams v. Hartje*, 827 F.2d 1203, 1209 (8th Cir. 1987)). Even if a prosecutor acts maliciously, the immunity is absolute and protects the prosecutor from all liability. *See Morrison v. City of Baton Rouge*, 761 F.2d 242, 248 (5th Cir. 1985).

Here, Plaintiff contends that Brereton's decision to pursue charges constitutes malicious prosecution and resulted in violations of his Constitutional rights. In response, Brereton contends that he "has absolute immunity against Plaintiff's

claims" and that Plaintiff's claims "fail under Rule 12(b)(6)."[5] Plaintiff offers no rebuttal. Here, the Court has reviewed Plaintiff's complaint in detail. A thorough review of the record reveals that Plaintiff's claims against Brereton all derive from activities conducted in Brereton's capacity as Deputy County Attorney for the Labette County Attorney's Office. Thus, given the Fifth Circuit's clear guidance that prosecutors are entitled to absolute immunity for charging decisions, the Court finds that Plaintiff fails to state a claim upon which relief can be granted with respect to Brererton, and thus, their claims against Brereton are dismissed.[6][7] The Court will now consider the claims against the remaining Defendants.

> 2. *Defendants Bryan Police Department, 361st Judicial District Court of Brazos County, Labette County District Attorney,[8] and Brazos County Sherriff's Department*

Plaintiff brings claims against BCSD, BPD, the 361st Judicial District Court of Brazos County, and the Labette County District Attorney alleging: (1) violations

---

[5] *Defendant Alan Brereton, Incorrectly Sued as "Labette County District Attorney," and Labette County Attorney's Office's Rule 12(b)(2) or, in the Alternative, Rule 12(b)(6) Motions to Dismiss Plaintiff's Amended Complaint*, Document No. 15 at 17.

[6] To the extent that Plaintiff intended to sue the Labette County District Attorney, the Court finds that, considering clear Fifth Circuit precedent, the District Attorney is entitled to immunity, and thus, those claims are dismissed.

[7] Considering the Court's finding that Plaintiff's claims against Brereton fail to state a claim upon which relief can be granted on the basis of immunity, the Court declines to consider Brereton's remaining arguments related to personal jurisdiction.

[8] The Court will now consider the claims against "Labette County District Attorney" to the extent that Plaintiff intended to sue the Office of the District Attorney.

of Fourth Amendment rights, (2) malicious prosecution, (3) due process violations, (4) emotional distress, and (5) financial loss. The Labette County District Attorney, BPD, and BCSD all move to dismiss Plaintiff's claims contending that Plaintiff fails to state a claim upon which relief can be granted.[9] Plaintiff offers no rebuttal. BPD further contends that Plaintiff's claims should be dismissed for lack of subject matter jurisdiction. Plaintiff offers no rebuttal.

The Fifth Circuit has made clear that "[i]n order for a plaintiff to sue a city department, it must enjoy a separate legal existence." *Darby v. Pasadena Police Dept.*, 939 F.2d 311, 313 (5th Cir. 1991) (citing *Kirby Lumber Corp. v. State of La. through Anacoco–Prairie State Game and Fish Comm'n*, 293 F.2d 82, 83 (5th Cir. 1961)). A governmental department cannot engage in litigation "unless the true political entity has taken explicit steps to grant the servient agency jural authority." *Id.*; *see also Taylor v. Administrator of the SBA*, 722 F.2d 105, 110–11 (5th Cir. 1983).

Here, BPD, BCSD, and the Labette County District Attorney all move to dismiss Plaintiff's complaint for failure to state a claim upon which relief can be

---

[9] The Court notes that the 361st Judicial District Court of Brazos County has not appeared in the action, and thus, has not filed any motions. However, the Court will consider Plaintiff's claims against the 361st Judicial District Court of Brazos County and whether the 361st Judicial District Court of Brazos County is a jural entity that can be independently sued.

granted, contending that each is a non-jural entity without the capacity to be sued.[10] Plaintiff offers no rebuttal. A thorough review of the record reveals that the aforementioned Defendants, as well as the 361st Judicial District Court of Brazos County, are non-jural entities as defined by the Fifth Circuit. Based on the foregoing and the Fifth Circuit's clear guidance that an entity must have a separate legal existence to be sued, the Court finds that Plaintiff has failed to state a claim upon which relief can be granted, and thus, his claims against all Defendants are dismissed.[11]

## IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Motion to Dismiss of Defendant, Bryan Police Department (Document No. 11) is **GRANTED**. The Court further

**ORDERS** that Brazos County Sheriff's Office 12(b)(6) Motion to Dismiss Plaintiff's Amended Complaint (Document No. 13) is **GRANTED**. The Court further

---

[10] *See Motion to Dismiss of Defendant, Bryan Police Department*, Document No. 11 at 7; *Brazos County Sherrif's Office 12(b)(6) Motion to Dismiss Plaintiff's Amended Complaint*, Document No. 13 at 4; *Defendant Alan Brereton, Incorrectly Sued as "Labette County District Attorney," and Labette County Attorney's Office's Rule 12(b)(2) or, in the Alternative, Rule 12(b)(6) Motions to Dismiss Plaintiff's Amended Complaint*, Document No. 15 at 12.

[11] Considering the Court's finding that Plaintiff's claims against BPD fail to state a claim upon which relief can be granted, the Court declines to consider other arguments related to subject matter jurisdiction.

**ORDERS** that Defendant Alan Brereton, Incorrectly Sued as "Labette County District Attorney," and Labette County Attorney's Office's Rule 12(b)(2) or, in the Alternative, Rule 12(b)(6) Motions to Dismiss Plaintiff's Amended Complaint (Document No. 15) is **GRANTED**. The Court further

**ORDERS** that Plaintiff's claims against Bryan Police Department, Brazos County Sherriff's Office, Alan Brereton, the Labette County District Attorney, and the 361st Judicial District Court of Brazos County are **DISMISSED**.

**THIS IS A FINAL JUDGMENT**

SIGNED at Houston, Texas, on this __3__ day of October, 2025.

DAVID HITTNER
United States District Judge